S. LANE TUCKER
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Email: carly.vosacek@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>JUN LIANG,<br><br>        Defendant. | No. 4:23-cr-00013-RRB-SAO |

**MOTION FOR REVOCATION OF RELEASE AND ORDER FOR DETENTION**

COMES NOW the United States of America, by and through undersigned counsel, and hereby respectfully submits this Motion for Revocation of Release and Order for Detention for violation of a release condition pursuant to 18 U.S. Code § 3148.

On July 21, 2023, the Court ordered the defendant's release on conditions pursuant to 18 U.S.C. § 3142(c). Dkt. 22. As part of his conditions, the Court ordered he "must not violate federal, state, or local law while on release". Dkt. 22 at 1.

On February 10, 2024, Liang was issued a citation for engaging in business in Denali

National Park without a permit in violation of 36 C.F.R. 5.3. Ex 1. On April 11, 2024, Liang was issued a citation for Failure to Obtain a Special Recreation Permit in violation of 43 C.F.R. 2932.57(a)(1). Ex 2. Liang has a prior conviction for Knowingly Participating in Commercial Activity Without a Permit in violation of 43 C.F.R. 2932.57(a)(3). Ex 3. Liang has had numerous contacts with law enforcement over his illegal guiding operation and is well aware these are violations of federal law. Even with continued violations the United States did not seek to revoke release and instead worked with Liang's defense counsel to ensure his illegal operation would stop.

As part of the discovery process for the new violations, Liang was provided information that two witnesses, Victim 1 and Victim 2, had informed the Bureau of Land Management (BLM) of his illegal guiding. Once Liang had that information, he harassed those witnesses and posted disparaging messages about them on social media. Ex 4 and 5. Again, the United States did not seek revocation of release conditions and worked with Liang's defense attorney to ensure Liang would cease contact with the witnesses.

Liang has since plead guilty in this matter and is pending sentencing on January 10, 2025. According to witness and victim interviews, on September 30, 2024, at approximately 2am Liang and Victim 1 were conducting aurora viewing tours north of Fairbanks. Victim 1 and Liang were leaving the location and noticed each other at approximately the same time. Liang left the parking area first and Victim 1 followed on their way back to Fairbanks. Both were driving down the Steese Highway when Liang began weaving in the lane. Victim 1 believed Liang was trying to prevent him from passing,

so Victim 1 began flashing his high beams. Liang then stopped his vehicle in the middle of the lane so Victim 1 could not pass. Victim 1 exited his vehicle and approached Liang's vehicle. Before any words were spoken Liang exited his vehicle and began punching Victim 1. Victim 1 sustained visible injuries and scratches to his neck and face. Liang stated "you reported me" during the attack, clearly in direct retaliation for Victim 1 reporting Liang to BLM. After the assault, Victim 1 reported that Liang said he would beat him up again if they cross paths in the future. Victims fear for their safety with Liang in the community. Victim 1 also provided digital evidence that Liang is in the process of selling his property and intends to leave Alaska in December to travel the world. Liang is potentially planning to flee prior to sentencing on January 10, 2025.

"Although the Court applies Sec. 3142(e) and (f) in ruling on a motion for detention at the outset of a case, an entirely different set of standards governs whether the court detains a defendant charged with violating conditions." United States v. Soria, No. 2:11-cr-00156-LDG-RJJ, 2011 WL 3651272, at *5 (D. Nev. Aug. 17, 2011) (quoting Weinberg,

FEDERAL BAIL AND DETENTION HANDBOOK (2011) § 11.03). Once a defendant previously released has violated their conditions, 18 U.S.C. § 3148(b) requires the Court "to enter an order of revocation and detention if, after a hearing, the judicial officer –

(1) finds that there is –

    (A)    probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

U.S. v. Liang
4:23-cr-00013-RRB-SAO
Page 3 of 5
Case 4:23-cr-00013-RRB-SAO   Document 66   Filed 10/04/24   Page 3 of 5

> > (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that –
>
> > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> >
> > (B) the person is unlikely to abide by any condition or combination of conditions of release."

Liang has brazenly continued to violate his conditions of release and his conduct is escalating. Liang is a danger to the public and the United States has concerns about flight prior to sentencing. Liang has been given every opportunity to remain free on pre-trial supervision and he has utterly failed to heed the Court's admonitions that he must remain law abiding.

Based on the foregoing, the United States respectfully asks the Court to revoke the order of release and order that the defendant be arrested and detained pending further proceedings.

//

//

//

//

//

//

//

U.S. v. Liang
4:23-cr-00013-RRB-SAO

RESPECTFULLY SUBMITTED October 4, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Carly Vosacek
CARLY VOSACEK
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Carly Vosacek