S. LANE TUCKER
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Email: carly.vosacek@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 4:23-cr-00013-001-RRB |
|---|---|
| Plaintiff, | |
| vs. | |
| JUN "HARRY" LIANG, | |
| Defendant. | |

**SENTENCING MEMORANDUM**

The United States recommends imposition of the following sentence:

**INCARCERATION................................................................................... 120 DAYS**
**SUPERVISED RELEASE................................................................ THREE YEARS**
**SPECIAL ASSESSMENT ............................................................................... $150**
**RESTITUTION ................................................................................... $9100.55**
**FINE................................................................................................ $50,000.00**

The United States of America respectfully recommends that the Court impose a 120-day sentence on file 4:23-cr-00013-001-RRB, time served on the additional violations of Failure to Obtain a Special Recreation Permit and Engaging in Business in Park Areas

without a Permit, and a combined $50,000.00 fine for the defendant, Jun Liang. This sentence is the appropriate disposition of this case. This sentence is sufficient but not greater than necessary to comply with the goals of sentencing.

## I. INTRODUCTION

### a. Case History

The defendant has been engaging in illegal guiding operations since he started his business, AK Aurora Tours, in 2019. He provided guide-outfitter services and tours to primarily Chinese Nationals without proper permits, licenses, and authorization. On two occasions the defendant provided guide-outfitter services for caribou and brown bear hunts to include meals, vehicles, firearms training, firearms, and transportation for the hunters. On a more regular basis, the defendant brought tourists to various locations on federal land. Liang was never licensed by the State of Alaska as big game guide-outfitter or licensed to conduct commercial operations on federal land.

**Procedural History**

On September 20, 2024, the defendant pled guilty to Count 4 of the Indictment, Lacey Act False Labeling in violation of 16 U.S.C. § 3372(d)(2) with penalty provisions under 16 U.S.C. § 3373(d)(3). The defendant also plead guilty to citation for engaging in business in Denali National Park without a permit in violation of 36 C.F.R. 5.3. and a citation for Failure to Obtain a Special Recreation Permit in violation of 43 C.F.R. 2932.57(a)(1).

The defendant entered into a written plea agreement in 4:23-cr-00013-001-RRB pursuant to Rule 11(c)(1)(A) and (B). The United States agreed to recommend a sentence

*U.S. v. Liang*
4:23-cr-00013-001-RRB        Page 2 of 6
Case 4:23-cr-00013-RRB-SAO   Document 98   Filed 01/02/25   Page 2 of 6

between 30- and 120-days imprisonment. There was no plea agreement regarding the two citations.

## II. SENTENCING GUIDELINES CALCULATION

### a. Statutory Maximum Sentence

The maximum sentence that may be imposed for Count 4- Lacey Act False Labeling, in violation of 16 U.S.C. § 3372(d)(2) with penalty provisions under 16 U.S.C. § 3373(d)(3) is five years' imprisonment, three years' supervised release, $250,000.00 fine, and $100.00 special assessment. The maximum penalty for engaging in business in Denali National Park without a permit in violation of 36 C.F.R. 5.3. is six months imprisonment, one-year supervised release, five years of probation, a $1,000.00 fine, and $10 special assessment. The maximum penalty for Failure to Obtain a Special Recreation Permit in violation of 43 C.F.R. 2932.57(a)(1) is one year imprisonment; a fine of $5,000.00; and three-years' supervised release, and up to five years' probation.

### b. Sentencing Guidelines Calculation

The United States agrees with the Probation Officer's calculations finding the total offense level to be 11, *see* PSR at 1, and the defendant's criminal history category to be I. The resulting Sentencing Guidelines rage is 8 to 14 months. *Id* at 1.

## III. GOVERNMENT'S RECOMMENDATION

The United States recommends a sentence of 120 days incarceration, with three years' supervised release, and $9100.55 in restitution. The United States recommends a time-served sentence for the citations with no supervised release to follow. The United States recommends a $50,000.00 total fine for all offenses. This sentence is appropriate in

light of the defendant's history and characteristics and the nature and circumstances of his conduct. It is sufficient, but not greater than necessary to deter the defendant and others from future criminal activity, and to protect the public. Furthermore, this sentence does not result in an unwarranted sentencing disparity.

   a.  **The Nature, Circumstances, and Seriousness of the Offense**

The nature and circumstances of the offense are serious. Jun Liang began his illegal tour operation in 2019 and made over $500,000.00. The defendant was the owner, operator, and mastermind behind the scheme he executed over the last five years. The defendant had multiple contacts with law enforcement, was convicted of Violation of Regulation for Management, Use, and Protection of BLM land in 2023, and continued his illegal operation. Federal agencies invested countless man-hours and resources into investigating and stopping his illegal operation. BLM did everything the could to get Liang into compliance with the law, but he flagrantly disregarded their assistance and continued his illegal operation.

   b.  **The History and Characteristics of the Defendant**

The Defendant has a prior conviction for Violation of Regulation for Management, Use, and Protection of BLM land in 2023. His illegal conduct has escalated over the course of his scheme, culminating in the assault of a government witness. Liang has no regard for the law, the rights of others, and will continue to engage in illegal conduct to enrich himself. Incarceration for the maximum time allowed under the plea agreement, as well as a substantial monetary penalty is necessary to deter the defendant.

   //

*U.S. v. Liang*
4:23-cr-00013-001-RRB    Page 4 of 6
Case 4:23-cr-00013-RRB-SAO    Document 98    Filed 01/02/25    Page 4 of 6

### c. The Seriousness of the Offense and Just Punishment

The defendant operated a long-lasting criminal enterprise that caused harm to the tour industry in Alaska. Liang boasted about making more than $200,000 a year taking tours to the Arctic Circle, Denali National Park, Castner Glacier and other Public Lands that require a permit for commercial use. He held himself out to be a guide-outfitter and offered illegal hunts for caribou and brown bear. The defendant knew his actions were illegal and continued his illegal activity anyway. A period of incarceration and imposition of consequential financial penalties are warranted.

### d. The Need for Adequate Deterrence and Protection of the Public

The sentence imposed must also afford adequate deterrence to criminal conduct. The defendant needs to be deterred from future criminal conduct. A period of incarceration and a hefty find will deter the defendant and the public from engaging in similar schemes to profit of Alaska's natural resources.

### e. Restitution

The United States is seeking restitution to the BLM for loss of 4.5 years of missed annual post commercial use fees unpaid to the BLM recreation program in the amount of $9100.55. This amount was calculated based on average fees paid to BLM over the last four years by similarly situated, licensed, tour operators. Should the defendant choose to challenge restitution, the United States requests the Court set a date to determine restitution as soon as available.

//

//

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests the court impose a sentence of 120 days incarceration, three years' supervised release and a $50,000.00 fine for the defendant, Jun Liang. The United States submits that this sentence is appropriate given the long-lasting scheme, Liang's unjust enrichment from the scheme, and his disregard for the law. This sentence and is sufficient but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED January 2, 2025 at Fairbanks, Alaska.

S. LANE TUCKER
United States Attorney

s/ *Carly Vosacek*
CARLY VOSACEK
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Carly Vosacek*

*U.S. v. Liang*
4:23-cr-00013-001-RRB    Page 6 of 6
Case 4:23-cr-00013-RRB-SAO    Document 98    Filed 01/02/25    Page 6 of 6